UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SHIN, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>JEANINE NICHOLSON, et al., <br><br>　　　　　Defendants. | Case No. 23-cv-00456-VC (DMR) <br><br>**ORDER ON JOINT DISCOVERY LETTER** <br><br>Re: Dkt. No. 127 |

Pending before the court is the joint discovery letter filed by Plaintiff Gabriel Shin and Defendant the City and County of San Francisco. [Docket No. 127 (JDL).] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for resolution without oral argument and orders the following:

**RFP No. 13:** CCSF shall certify, in writing and under penalty of perjury, that there is no "central repository," and that it has searched all other sources for relevant, nonprivileged documents that are responsive to Plaintiff's RFP No. 13. CCSF shall provide the certification to Plaintiff no later than July 14, 2025.

**RFP Nos. 46-51:** CCSF contends that "[t]hese requests should be limited to communications about the Asian race/ethnicity only, or if they are permitted to have such a broad request, should be limited to issues related to the SFFD to limit the intrusion into the individual defendants' non-work, private devices." JDL at 2. With respect to these requests, the court adopts CCSF's proposed compromise. CCSF shall search all sources, including the individual defendants' non-work private devices, and shall produce nonprivileged communications regarding or related to the Asian race or ethnicity, whether or not they are related to the San Francisco Fire Department.

**Sources of ESI:** CCSF states that "[t]he persons likely to have responsive documents to Plaintiff's requests searched for such documents, including on their work computers." JDL at 3. It is unclear from this cryptic statement whether custodians searched their work devices for responsive documents on their own and whether counsel was actively involved in such searches. *See In re Soc. Media Adolescent Addiction/Pers. Inj. Prods. Liab. Litig.*, No. 22-MD-03047-YGR (PHK), 2024 WL 4125618, at *14 (N.D. Cal. Sept. 6, 2024) ("The relevant rules and case law establish that an attorney has a duty and obligation to have knowledge of, supervise, or counsel the client's discovery search, collection, and production. It is clear to the Court that an attorney cannot abandon his professional and ethical duties imposed by the applicable rules and case law and permit an interested party or person to 'self-collect' discovery without any attorney advice, supervision, or knowledge of the process utilized.") (cleaned up).

No later than July 14, 2025, counsel for CCSF shall file a sworn declaration describing in detail how CCSF searched for responsive documents in this case, including (1) who the custodians were and what search terms were used for each custodian; (2) what devices, databases, local drives, cloud storage, or other electronic sources were searched and collected, including, for instance, whether the entire repository was collected or only a subset thereof; (3) whether search terms were applied before or after performing the collection(s); (4) the time frame(s) for the searches; (5) who conducted the searches (i.e., an e-discovery vendor, a member of an IT department, counsel, or the custodian); and (6) counsel's involvement in those searches, including which counsel supervised the searches and collections.

**IT IS SO ORDERED.**

Dated: July 7, 2025

Donna M. Ryu
Chief Magistrate Judge