UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SHIN,<br>　　　　Plaintiff,<br>　　v.<br>JEANINE NICHOLSON, et al.,<br>　　　　Defendants. | Case No.  23-cv-00456-VC   (DMR)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 154, 155 |

Defendant City and County of San Francisco ("the City") and Plaintiff Gabriel Shin filed unilateral discovery dispute letters regarding Shin's responses to certain interrogatories and requests for production propounded by the City. [Docket No. 154 (CCSF Ltr.); Docket No. 155 (Shin Ltr.).] Having reviewed the parties' positions, the court finds the disputes can be determined without oral argument (Civ. L.R. 7-1(b)), and issues the following order.

**RFP Nos. 98, 99, and 104 & Spousal Privilege.**  In reviewing the two unilateral letters, it appears that certain issues are now moot.  These include disputes about RFP Nos. 98, 99, and 104, as well as Shin's attempt to claim spousal privilege for communications with his long-term partners. Shin Ltr. at 2.  **By October 1, 2025**, Shin shall produce all non-privileged documents responsive to RFP Nos. 99 and 104, and documents previously withheld on grounds of spousal privilege.  If Shin is withholding any responsive documents, he must produce a privilege log that fully complies with the undersigned's standing order.  If disputes regarding RFP No. 98 remain, the parties shall continue to meet and confer to resolve them.

**Interrogatory Nos. 19-21 and 24.[1]**  The City seeks the names of individuals who Plaintiff

---

[1] Interrogatory Nos. 18 and 25 ask Shin to identify an individual or individuals specifically alleged under a pseudonym. [Docket No. 154-1 at 8 ("IDENTIFY the firefighter towards whom Defendant Muhammad became 'enraged and physically aggressive' as alleged paragraph 43 of YOUR COMPLAINT."); id. ("IDENTIFY the "top leaders of the San Francisco Black Firefighters

identified in the first amended complaint ("FAC") by pseudonym. Shin contends he named these individuals in his initial disclosures, and that CCSF has been "directed to an actual witness who can identify" them. Shin Ltr. at 1. According to Shin, "the only goal here seems to be to try and further probe Plaintiff's counsel's mind and work product, which is improper." *Id.*

The names of individuals identified by pseudonym in the FAC are relevant and discoverable. Shin placed them at issue when he made allegations about them in his FAC; the City is entitled to test the factual basis of Shin's allegations through discovery. *See Andino v. Apple Inc.*, No. 20-CV-01628 DAD AC, 2024 WL 200997, at *2 (E.D. Cal. Jan. 17, 2024) (finding "the discovery is relevant because defendant is entitled to test plaintiff's allegations . . ."); *Nunes v. Cnty. of Stanislaus*, No. 17-cv-00633-DAD-SAB, 2020 WL 1324808, at *3 (E.D. Cal. Mar. 20, 2020) ("Defendants are entitled to conduct discovery regarding the allegations against the county . . ."). This necessarily includes the identity of individuals whose conduct forms the basis of Shin's claims.

The fact that Shin included their names in his initial disclosures does not satisfy his obligation to respond to the interrogatories. Shin also must explain which specific allegation(s) are tied to each of them.[2] Plaintiff's offer to provide "an actual witness" who can identify the individuals is insufficient, particularly where Shin does not name this witness and Shin is presumably not referring to himself. The City is entitled to verified interrogatory responses *from Shin*—not a third party—about the factual bases for the allegations of his own FAC.

Shin's assertion of work product privilege is meritless. The case upon which Shin relies, *Garcia v. Stemilt Ag Services LLC*, No. 20-CV-00254-SMJ, 2020 WL 7495584 (E.D. Wash. Dec. 21, 2020), confirms this. There, the defendant sought the production of declarations from the plaintiffs that had been drafted and prepared by the plaintiffs' counsel. *Id.* at *1. The court ordered the plaintiffs to produce declarations for individuals outside the United States who could not be

---

Association" with whom Defendant Nicholson met as alleged in paragraph 68 of YOUR COMPLAINT.").] The City did not include Interrogatory No. 18 or 25 in its letter, so the court assumes there is no dispute about them.

[2] Shin asserts that "Defendant has already been . . . informed that the identities of these individuals have been disclosed in Plaintiff's initial disclosures," (Shin Ltr. at 1), but tellingly does not give any details about the information provided in the initial disclosures.

made available for deposition. *Id.* at *2. However, the court found that, "[f]or declarants living in the United States, Plaintiffs need only disclose their identities." *Id.*; *id.* at *3 ("Plaintiffs cannot conceal critical, non-privileged, discoverable information simply by attempting to hide behind the work product doctrine.") (cleaned up). Interrogatory Nos. 19-21 and 24 seek nothing more than the identities of the persons—the same information the *Garcia* court ordered the plaintiffs to provide.

Shin shall serve supplemental responses to Interrogatory Nos. 19-21 and 24 **by October 1, 2025**.

**RFP No. 105.** The City seeks "All DOCUMENTS that constitute, mention, refer, or reflect to any COMMUNICATIONS by Plaintiff to any media outlet (television, newspaper, periodical, blog) from February 1, 2022, through the present." [Docket No. 154-2 at 17.] Shin says he has already produced "documents that discuss the real subject matter of this lawsuit," and complains that the City is really "seeking communications with media outlets, even if they contain no substance and are just arranging meetings, etc." Shin Ltr. at 2 (emphasis omitted). Shin "does not believe this information is discoverable and believes that Defendant is seeking such information simply in an attempt to try and smear Plaintiff for exercising his first amendment rights." *Id.*

The court disagrees with Shin. The disputed communications are relevant and discoverable. For example, documents arranging meetings will show when Shin met with media outlets and allow the City to ask what was discussed during specific meetings. Any concerns about alleged "attempt[s] to try and smear Plaintiff for exercising his first amendment rights" are mitigated by the protective order. [*See* Docket No. 99.] Shin also does not argue that RFP No. 105 is burdensome. Accordingly, Shin shall produce any remaining communications with media outlets that discuss or relate to this litigation **by October 1, 2025**.

**IT IS SO ORDERED.**

Dated: September 24, 2025

Donna M. Ryu
Chief Magistrate Judge

3