UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SHIN,<br><br>    Plaintiff,<br><br>v.<br><br>JEANINE NICHOLSON, et al.,<br><br>    Defendants. | Case No. 23-cv-00456-VC   (DMR)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 158, 159, 160 |

Having reviewed the parties' joint discovery letter (Docket No. 158 (JDL)) and their unilateral discovery letters (Docket No. 159 (Shin Ltr.); Docket No. 160 (CCSF Ltr.)), the court determines these disputes can be adjudicated without oral argument (Civ. L.R. 7-1(b)), and issues the following order.

1. Notably, Defendant City and County of San Francisco ("CCSF") did not respond to Plaintiff Gabriel Shin's statement in the JDL that CCSF has failed to comply with the court-ordered document production deadlines. CCSF shall produce all outstanding responsive ESI by October 10, 2025, on which date counsel shall also file a declaration, signed under penalty of perjury, confirming that the production has been served.

2. In the September 26, 2025 JDL, CCSF represents that it "expects to have [its privilege log] to Plaintiff's counsel by the end of this week." JDL at 5. The court therefore assumes CCSF has already served its privilege log; in the event it has not, CCSF shall produce a full privilege log by October 10, 2025.

3. Shin seeks to add 8 new custodians. JDL at 1-2. Shin does not explain why he was unable to identify these custodians before this point, when fact discovery is set to close three weeks after the parties filed their letter. Discovery must be relevant and proportional. Fed. R. Civ. P. 26(b)(1). Given the amount of discovery taken in this case thus far, as well as the information

provided in the JDL, the court finds it is relevant and proportional for Shin to add two of his eight proposed new custodians. Shin shall identify the two custodians by October 8, 2025. By October 9, 2025, the parties shall meet and confer in good faith regarding appropriate search terms for those custodians.[1] CCSF shall produce responsive documents no later than October 15, 2025. If CCSF is unable to meet this deadline, it shall file a declaration, signed under penalty of perjury, that gives a detailed explanation as to why it cannot do so.

4. The parties shall further meet and confer regarding Shin's proposed addition of Moh! or Muh! as search terms. The court reminds the parties, once again, that identifying appropriate search terms is a cooperative and iterative process. If, as CCSF says, Shin's proposed terms are pulling up irrelevant documents, CCSF should disclose examples to Shin's counsel to facilitate an informed discussion to tailor the search terms.

5. The unilateral letters regarding Shin's subpoenas are denied without prejudice, and the parties shall continue to meet and confer in good faith to resolve those issues. If the parties are unable to fully resolve their dispute(s), they may file a standalone joint letter that does not exceed 4 pages and does not reference any other filing. The parties repeatedly have filed unilateral letters. [*See* Docket Nos. 105, 106, 135, 136, 137, 154, 155.] As the court previously warned, these "unilateral letters . . . reflect poorly on counsel for both Plaintiff and CCSF." [Docket No. 138.] Given the poor discovery conduct repeatedly exhibited by counsel for Shin and counsel for CCSF, the court warns that it may issue sanctions *sua sponte* against any party or counsel who takes an unreasonable position in this or any future discovery dispute.

**IT IS SO ORDERED.**

Dated: October 7, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

---

[1] Absent any indication by CCSF about the burdensomeness of Shin's proposed search terms (JDL at 3), the court is not at this time making any findings regarding those terms. However, the court reminds Shin that it previously rejected Shin's proposal of only using "OR" in search strings and ordered the parties to employ a connector between concepts. [Docket No. 123 at 2.]

2