UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SHIN,<br><br>          Plaintiff,<br><br>    v.<br><br>JEANINE NICHOLSON, et al.,<br><br>          Defendants. | Case No. 23-cv-00456-VC (DMR)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 184, 185 |

Plaintiff Gabriel Shin filed two unilateral discovery letters regarding subpoenas to San Francisco Emergency Medical Services Agency ("EMSA"), AT&T, and Verizon. [Docket Nos. 184, 185.] Pursuant to Civil Local Rule 7-1(b), the court finds these matters suitable for disposition without oral argument and issues the following order.

**I.  DOCKET NO. 184**

Plaintiff's Rule 45 subpoena to EMSA seeks documents related to Defendant Robert Muhammad, "members of the San Francisco Fire Department being subject to EMSA licensure actions . . . for violence, threats of violence, or criminal actions[,]" "EMSA policies pertaining to licensure actions . . . against members of the San Francisco Fire Department," and "standard EMSA investigatory policies, practices, and processes[.]" [Docket No. 184-1 at ECF p.7.] The subpoena requested a response by October 17, 2025. *Id.* at ECF p.1. As explained further below, it appears that EMSA received the subpoena because a San Francisco Deputy City Attorney contacted Plaintiff's counsel seeking an extension to the response date. Ultimately, EMSA did not respond to the subpoena. Defendant City and County of San Francisco ("CCSF") served objections to the EMSA subpoena. [Docket No. 184-1 at ECF pp.8–15.] However, CCSF's outside counsel, CDF Labor Law LLP, has repeatedly disclaimed representation of EMSA and instead asserts that EMSA is a third party over which CCSF has no control.

On August 14, 2025, attorney Christopher Dawood of CDF Labor Law and lead counsel for CCSF emailed Plaintiff that "CCSF has produced all EMSA records related to Mr. Muhammad in its possession, custody or control. If Plaintiff seeks additional records from the EMSA, it must subpoena those records as they are not under CCSF's custody and control." [Docket No. 184-2 at ECF p.6.]

Plaintiff pushed back, asserting that

> Postel's Exhibit 9, which I shared with you in my August 13 email below, contains an email and an official letter from Andrew Holcomb, the Acting EMS Director for the *San Francisco* EMS Agency for the *City and County of San Francisco* (you can see that in his signature blocks and in the letterhead). As you know, your client is CCSF, not the SFFD. Thus, anything held by the San Francisco EMS Agency that relates to Mr. Muhammad is in CCSF's custody and control, including the investigation that the San Francisco EMS Agency is spearheading."

*Id.* (emphasis in the original).[1]

Mr. Dawood's August 20, 2025 response reiterated that

> As we stated previously, we do not have access to EMSA records, which are confidential pursuant to Health and Safety Code section 1798.200(d) and not subject to public disclosure. Those records are maintained separately by the EMSA, and must be obtained via subpoena. . . . Please follow up with a subpoena to EMSA for the records you are seeking.

*Id.* at ECF p.5. To that end, CCSF served its own subpoena on EMSA seeking documents. [Docket No. 179 at 6 ("As Plaintiff's counsel is also aware -- *because CCSF subpoenaed the documents from EMSA and subsequently provided them to Plaintiff* -- Muhammad's license was subsequently renewed in 2022 and again in 2024.") (emphasis added)[2]; Docket No. 184 at 1 ("In fact, CCSF issued its own subpoena to EMSA because the agency is a nonparty and CCSF wished to review relevant evidence to the case.").]

---

[1] Postel Exhibit 9, referenced in Plaintiff's August 15, 2025 email (Docket No. 184-2 at ECF p.6), was not submitted to the court.

[2] CCSF's statement in the parties' joint discovery letter concerning Plaintiff's requests for production to CCSF indicates that EMSA produced documents in response to CCSF's subpoena. [Docket No. 179 at 6.] However, nothing in that letter or in Plaintiff's instant letter regarding EMSA's response to Plaintiff's subpoena indicates who represented EMSA in response to CCSF's subpoena, or why the same attorneys did not respond to Plaintiff's subpoena.

2

1    Plaintiff issued its Rule 45 subpoena to EMSA on October 3, 2025. [Docket No. 184-1 at
2    ECF pp.1–7.] On October 14, 2025, a Deputy City Attorney from the San Francisco City Attorney's
3    Office emailed Plaintiff regarding the subpoena, seeking an extension of the response deadline and
4    requesting to discuss a timeframe for production. [Docket No. 184-2 at ECF p.3.] The Deputy City
5    Attorney followed up the next day. *Id.* at ECF p.2. In response, Plaintiff sought clarification about
6    EMSA:

> Before we engage on substance, given the fact that CCSF is a Defendant in this case, and you work for CCSF, we will need clarification on the nature of your representation of the San Francisco Emergency Medical Services Agency. Is the San Francisco Emergency Medical Services Agency an agency controlled by CCSF and/or a CCSF entity, and is that why your office is representing it? Please explain the nature of the relationship between CCSF and the San Francisco Emergency Medical Services Agency. I ask because I need to ensure that it is proper for us to be discussing anything of substance related to this case with your office.

*Id.*

The Deputy City Attorney's November 20, 2025 response did not provide answers to Plaintiff's questions. *Id.* at ECF p.1. Instead, the Deputy City Attorney stated that "CCSF is represented by CDF Labor Law LLP in this matter" and directed Plaintiff to "communicate with those attorneys regarding your subpoena and anything else related to this matter." *Id.* The Deputy City Attorney copied two CDF Labor Law attorneys on her email. *Id.* Plaintiff responded to the Deputy City Attorney and the CDF Labor Law attorneys that same day, stating that "[t]hat is not possible, as CDF specifically advised that Plaintiff had to issue a subpoena because they did not represent SFEMSA due to the fact that SFEMSA is not associated with CCSF." *Id.*

To the extent there was any response by the Deputy City Attorney or CDF Labor Law to Plaintiff's November 20, 2025 email, it was not included in the email thread submitted to the court. [*See* Docket No. 184-2.] According to Plaintiff, "[t]hereafter, CDF Labor Law attorney Dawood disclaimed representation of EMSA: 'Regarding EMSA, our firm does not represent EMSA, and I can't speak to EMSA's email. We represent CCSF'."[3] [Docket No. 184 at 1.] Plaintiff further

---

[3] This email was not included in the submission to the court.

3

represents that "Mr. Dawood confirmed the same over the phone when explaining that he could not meet and confer about the Subpoena for EMSA because it is a separate entity from CCSF." *Id.*

Under these circumstances, where CCSF counsel has repeatedly insisted that EMSA is a third party over which CCSF has no control, the court treats EMSA as such for purposes of Plaintiff's subpoena. In addition, notwithstanding CDF Labor Law's disclaimer of representation, the fact that the San Francisco City Attorney's Office affirmatively reached out to Plaintiff to seek an extension and discuss the scope of production indicates that EMSA received notice of the subpoena. EMSA nevertheless failed to respond to the subpoena and has therefore waived any objection thereto. *See* Fed. R. Civ. P. 45(d)(2)(B) (A written objection to a Rule 45 subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."); *AEC Yield Cap., LLC v. Am. Home Energy, Inc.*, No. 24-MC-80225-PHK, 2025 WL 3085720, at *4 (N.D. Cal. Nov. 5, 2025) ("Failure to timely and properly object to the subpoena generally constitutes a waiver of all grounds for objection, including privilege.") (citing *Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025)). EMSA has also not appeared in this action to seek a protective order or to quash or modify the subpoena. *See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(3).

CCSF likewise did not move to quash or seek a protective order. *See Huynh v. Wal-Mart Assocs., Inc.*, No. 18-CV-01631-VC (SK), 2019 WL 13221170, at *1 (N.D. Cal. Aug. 1, 2019) ("A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash.") (cleaned up); *Khosroabadi v. Mazgani Soc. Servs., Inc.*, No. 17-cv-00644-CJC-KESx, 2018 WL 1858153, at *3 (C.D. Cal. Mar. 1, 2018) ("A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash. . . . Where a party fails to file a motion to quash or a motion for protective order before the deadline for the non-party to respond to the subpoena, the party generally waives its right to object.") (citations omitted). CCSF's objections alone are insufficient to preclude EMSA from producing responsive documents, as CCSF lacks standing to object on EMSA's behalf. *See Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-02865-EMC (PHK), 2023 WL 8714880, at *3 (N.D. Cal. Dec. 17, 2023) ("[T]o the extent that [defendant] objects to the subpoenas directed

4

1  to third parties based on relevance or burden, the Court agrees that [defendant] lacks standing to do
2  so.") (citations omitted); *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC (RMI),
3  2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) ("Generally speaking, a party to an action does
4  not have standing to move to quash a subpoena served upon a nonparty unless the party claims a
5  personal right or privilege with respect to the documents requested in the subpoena.") (collecting
6  cases).

7      In light of the foregoing, the court orders EMSA to produce all documents responsive to
8  Plaintiff's subpoena no later than December 31, 2025.

9      Plaintiff also requests "permission to depose the EMSA after such documents are produced."
10 [Docket No. 184 at 2.]  The record does not show that Plaintiff served EMSA with a subpoena to
11 testify at a deposition; the only subpoena before the court seeks the production of documents.  [*See*
12 Docket No. 184-1 at ECF pp.1–7.]  If Plaintiff wanted to depose EMSA, it could and should have
13 subpoenaed EMSA accordingly, and Plaintiff offers no explanation for why the court should exceed
14 the scope of the discovery that Plaintiff served.  Plaintiff's request for an order requiring EMSA to
15 sit for a deposition is therefore denied.

16 **II.    DOCKET NO. 185**

17     On September 19, 2025, Plaintiff served two Rule 45 subpoenas on nonparty Verizon and
18 six Rule 45 subpoenas on nonparty AT&T.  [Docket No. 185-1 at ECF pp.1–40.]  The subpoenas
19 seek business and billing records, call records, and records of text messages between August 1, 2021
20 and August 31, 2025 for eight phone numbers.  *Id.* at ECF pp.4, 9, 14, 19, 24, 29, 34, 39.  Plaintiff
21 explains that the subpoenas seek records for the "fire department-issued phone numbers (including
22 work office . . . and work cell phones . . .)" of Defendants Jeanine Nicholson, Robert Postel, and
23 Tom O'Connor.  [Docket No. 185 at 1.]  Plaintiff also seeks documents related to the phone number
24 associated with nonparty Shon Buford, who "was in simultaneous communication with the SFFD's
25 top three department officials and Muhammad immediately before and after his assault on Plaintiff."
26 *Id.* at 2.

27     Plaintiff represents that he "met and conferred with ATT and Verizon, who acknowledged
28 proper service of subpoenas, but both expressed a request for a Court order before producing

responsive documents to the Subpoenas." *Id.* at 1; *see id.* ("ATT and Verizon do not object to the Subpoena, but rather indicate that they want a Court order.").

Neither Verizon nor AT&T served written responses or objections to the subpoenas. *Id.* Nor did they appear in this litigation to seek a protective order or move to quash or modify the subpoenas. *See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45(d)(3). Thus, for the reasons stated above, the court finds that any objections have been waived.

CCSF served objections to the subpoenas (Docket No. 185-1 at ECF pp.41–53), but did not move to quash or for a protective order. For the reasons stated above, the court finds that CCSF's objections do not preclude production.

Accordingly, the court orders AT&T and Verizon to produce all documents responsive to Plaintiff's subpoenas no later than December 31, 2025.

**IT IS SO ORDERED.**

Dated: December 9, 2025

_____
Donna M. Ryu
Chief Magistrate Judge