UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SHIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANINE NICHOLSON, et al.,<br><br>    Defendants. | Case No. 23-cv-00456-VC   (DMR)<br><br>**ORDER DENYING CCSF'S REQUEST FOR RECONSIDERATION AND DENYING AS MOOT PLAINTIFF'S RESPONSIVE LETTER BRIEF**<br><br>Re: Dkt. Nos. 201, 211 |

On November 24, 2025, Plaintiff Gabriel Shin filed a unilateral discovery letter seeking a court order compelling nonparty San Francisco Emergency Medical Services Agency ("EMSA") to respond to Plaintiff's Rule 45 document subpoena dated October 3, 2025. [Docket No. 184 (Pl. Ltr.); *see* Docket No. 184-1 at ECF pp.1–7 (EMSA subpoena).] The letter did not include the position of Defendants City and County of San Francisco ("CCSF"), Jeanine Nicholson, Robert Postel, Tom O'Connor, David Brown, Joe Certain, and Patricia Lee (collectively, the "CCSF Defendants"), though counsel for Plaintiff "*attest[ed] to have attempted a live meet and confer with EMSA and CCSF*." Pl. Ltr. at 2 (emphasis in the original).

On December 9, 2025, the court ordered EMSA to produce responsive documents by December 31, 2025. [Docket No. 200 (Dec. 9 Order).] The ruling was based on three grounds. First, CCSF's private counsel, CDF Labor Law LLP, expressly stated that CDF Labor Law did not represent EMSA, an entity distinct from CCSF. *Id.* at 2–4. Second, EMSA failed to respond to the subpoena and thus waived any objections. *Id.* at 4. Third, CCSF's objections to the subpoena were insufficient to deny Plaintiff's request for an order compelling a response, as CCSF lacked standing make relevance and burden objections on EMSA's behalf and did not otherwise move to quash the subpoena or seek a protective order. *Id.*

On December 12, 2025, CCSF filed a unilateral discovery letter seeking reconsideration of that order on grounds that (1) the court's order denying prior motions to quash deterred CCSF from filing a motion to quash the EMSA subpoena (*see* Docket No. 139); (2) Plaintiff's document requests to EMSA are overbroad and unduly burdensome; and (3) the court granted Plaintiff's request without affording EMSA an opportunity to be heard.[1]  [Docket No. 201 (CCSF Ltr.).]

The court finds this matter suitable to disposition without oral argument.  Civ. L.R. 7-1(b).  For the reasons stated below, CCSF's request is denied.  In short, the record establishes that EMSA received notice of the subpoena but failed to respond, thereby waiving all objections.  To the extent the CCSF Defendants object to the subpoena because it implicates their interests, they failed to meet and confer as required by Civil Local Rule 37-1(a) and the undersigned's standing order.  In any event, the CCSF Defendants' relevance and privacy concerns are mitigated by the protective order.

I.  **LEGAL STANDARD**

Civil Local Rule 7-9 provides that, "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9(b)."  A party seeking leave to file a motion for reconsideration must "show reasonable diligence in bringing the motion" and one of the following three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order.  Civ. L.R. 7-9(b)(1)–(3).  The moving party may not reargue any written or oral argument previously asserted to the court.  Civ. L.R. 7-9(c).  Whether to grant or deny a motion for reconsideration is in the sound discretion of the district courts.  *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046

---

[1] The December 9 order also addressed Plaintiff's letter regarding subpoenas to AT&T and Verizon.  Order at 5–6.  CCSF does not challenge that portion of the order.  *See* CCSF Ltr.

1  (9th Cir. 2003).

2  **II.  DISCUSSION**

3   Although CCSF "requests that the Court reconsider its December 9, 2025 Order granting
4  Plaintiff's requests regarding EMSA records pursuant to its inherent power to reconsider and modify
5  its interlocutory orders" (CCSF Ltr. at 1), it fails to address, or even cite, the standard for
6  reconsideration. This alone is grounds to deny CCSF's request. *See, e.g.*, *In re Google Play Store
7  Antitrust Litig.*, 556 F. Supp. 3d 1106, 1108 (N.D. Cal. 2021) (denying motion that, "[i]n effect, . . .
8  seeks reconsideration of the prior order without owning up to the standards that govern
9  reconsideration . . ."); *SanDisk3D IP Holdings Ltd. v. Viasat, Inc.*, No. 22-CV-04376-HSG (PHK),
10 2025 WL 1649059, at *4 (N.D. Cal. June 11, 2025) ("Because SanDisk did not even mention or
11 address the standards under Civil L.R. 7-9, if SanDisk's motion were treated as a motion seeking
12 leave to file a motion for reconsideration, the instant motion would fail on procedural grounds.").
13 The court nevertheless considers the CCSF's arguments and finds that none meet Local Rule 7-
14 9(b)'s "high standard" for seeking reconsideration. *Sephora USA, Inc. v. J.B. Hunt Transp.*, No.
15 12-CV-3252-PSG, 2013 WL 5692215, at *1 (N.D. Cal. Oct. 17, 2013).

16  **A.  Motion to Quash**

17   On June 20, 2025, O'Connor, Postel, Lee, Certain, Nicholson, and Brown moved to quash
18 Plaintiff's Rule 45 subpoenas to AT&T and Verizon. [Docket Nos. 122–33.] Inexplicably, each of
19 the motions to quash were noticed for a hearing before the presiding judge in this matter, the
20 Honorable Vince Chhabria. *See id.* (all). The undersigned thus ordered that

> [t]he motions to quash . . . are denied with prejudice. These motions are clearly discovery disputes that should have been filed in accordance with Chief Magistrate Judge Ryu's Standing Order. The parties shall discuss the motions to quash during the in-court meet and confer ordered in Docket No. 138.

[Docket No. 139; *see* Docket No. 138 (in light of counsels' history of problematic discovery conduct, ordering the parties to appear for an in-person meet and confer at the courthouse regarding three "discovery letters, plus any others that are brewing"); Standing Order for Magistrate Judge Donna M. Ryu § 14 ("The parties shall not file formal discovery motions. Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their

3

disagreements. . . . If disagreements remain, the parties shall file a joint letter no later than five business days after the meet and confer session, unless otherwise directed by the court.") (emphasis omitted).][2]

CCSF's assertion that the court's order deterred it from challenging the EMSA subpoena is disingenuous. While the denial with prejudice precluded O'Connor, Postel, Lee, Certain, Nicholson, and Brown from re-filing those specific motions to quash, nothing prevented CCSF from raising disputes about a different third-party subpoena in a joint letter submitted to the undersigned after the parties adequately had met and conferred. In fact, CCSF's objections to the EMSA subpoena demonstrate its understanding of the court's procedures. Docket No. 184-1 at ECF p.9 & Docket No. 201 at ECF p.5 ("CCSF requests, pursuant to Judge Ryu's Standing Order in this action, that Plaintiff submit CCSF's objections to the subpoena to the Letter Brief process for resolution as the Court has previously ordered.") (emphasis added); CCSF Ltr. at 1 ("CCSF served objections to the subpoena (in lieu of a motion to quash that is precluded by Judge Chhabria's [*sic*] Order dated 7/3/25) and invited Plaintiff's counsel to meet and confer over the requests set forth in the subpoena.").

All counsel acknowledge their failure to meet and confer about CCSF's objections to the EMSA subpoena. *See* Pl. Ltr. at 2 ("The undersigned attests to have attempted a live meet and confer with EMSA and CCSF.") (emphasis omitted); CCSF Ltr. at 1 ("Plaintiff never met and conferred with CCSF's counsel, or attempted to do so, regarding CCSF's objections.") (emphasis omitted); *id.* at 1 n.2 ("Although Plaintiff's standalone brief represents that CCSF's objections to the subpoena were attached as an exhibit 'at the request of CCSF,' CCSF had no knowledge of the brief until after it was filed, no draft version was circulated beforehand, and the parties never met and conferred prior to its filing."). CCSF's assertion that it "invited Plaintiff's counsel to meet and

---

[2] As the parties have filed no less than 25 discovery letters since November 2024, they are undoubtedly well aware of the court's procedures for raising discovery disputes. [Docket Nos. 100, 105, 109, 118, 127, 135, 136, 137, 154, 155, 158, 159, 160, 167, 173, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185.] In addition, on three separate occasions, the court has "had to take the extraordinary measure of ordering the parties to appear in person at the Oakland courthouse to meet and confer[.]" [Docket Nos. 107, 138, 186.]

4

confer over the requests set forth in the subpoena"[3] does not excuse the lack of a meet and confer process; the record shows no further attempt by CCSF to meet and confer beyond inserting this single sentence in its objections. *See Johnson v. CFS II, Inc.*, No. CV 12-01091-LHK PSG, 2013 WL 1320767, at *2 (N.D. Cal. Apr. 1, 2013) ("Meet and confer is an important step before resorting to seeking court intervention . . ."). This is particularly surprising given that Plaintiff's and CCSF's counsel discussed the subpoena—but, according to the record before the court, the only subject they talked about was whether CDF Labor Law represents EMSA. They did not confer about CCSF's objections. Pl. Ltr. at 1 ("Thereafter, CDF Labor Law attorney Dawood disclaimed representation of EMSA: 'Regarding EMSA, our firm does not represent EMSA, and I can't speak to EMSA's email. We represent CCSF'. Mr. Dawood confirmed the same over the phone when explaining that he could not meet and confer about the Subpoena for EMSA because it is a separate entity from CCSF.").

Even if CCSF truly was unaware that Plaintiff intended to submit a unilateral letter until it was filed, CCSF could have sought an opportunity to present its position once it learned that Plaintiff was seeking relief from the court. It did not. At no point during the 15 days between the November 24 filing of Plaintiff's unilateral letter and the December 9 order did CCSF file, or seek leave to file, a response to Plaintiff's letter. *See* Standing Order for Magistrate Judge Donna M. Ryu § 14 ("In the rare instance that a joint letter is not possible, ***each side*** may submit a letter not to exceed **two** pages, which shall include an explanation of why a joint letter was not possible.") (first emphasis added; second emphasis in the original).[4] CCSF offers no explanation for why it waited until after the court issued its order to present its arguments about the EMSA subpoena.

In short, any dispute regarding Plaintiff's EMSA subpoena could and should have been raised in a joint discovery letter after the required good faith meet and confer process. None of that happened here.

---

[3] CCSF Ltr. at 1; *see* Docket No. 184-1 at ECF p.9 & Docket No. 201 at ECF p.5.

[4] CCSF knows how to do this. It previously submitted its own letter in response to a unilateral letter filed by Plaintiff without waiting for the court's directive to do so. [Docket Nos. 135, 136.]

5

### B. Overbreadth and Burden Objections

CCSF implores the court to "examine the overbreadth and burden imposed by Plaintiff's subpoena to EMSA for Request Nos. 2-4, which include non-party private employee records unrelated to the issues of this case." CCSF Ltr. at 2. The court declines to do so.

CCSF expressly has taken the position that, for purposes of this case, EMSA is a third party over which CCSF has no control. [Docket No. 184-2 at ECF p.5 ("As we stated previously, we do not have access to EMSA records, which are confidential pursuant to Health and Safety Code section 1798.200(d) and not subject to public disclosure. Those records are maintained separately by the EMSA, and must be obtained via subpoena."); *id.* at ECF p.6 ("If Plaintiff seeks additional records from the EMSA, it must subpoena those records as they are not under CCSF's custody and control.").] For this reason, the court found that CCSF lacks standing to raise objections on EMSA's behalf. Dec. 9 Order at 4–5. CCSF does not directly challenge this finding, and notably ignores the cases cited in the December 9 order finding that a party cannot assert objections on behalf of a nonparty on relevance and burden grounds. *Id.* (collecting cases).

As previously explained, EMSA waived any objections by failing to respond to the subpoena. *Id.* at 4. In the event Plaintiff seeks to use a document that the CCSF Defendants believe is irrelevant or prejudicial, they can raise an evidentiary objection at the appropriate time.

### C. Opportunity for EMSA to be Heard

CCSF asserts that "the Court granted Plaintiff's request without ever affording EMSA an opportunity to be heard on the issue, since Plaintiff never served EMSA with a copy of its letter brief." CCSF Ltr. at 2 (emphasis omitted). According to CCSF, "[t]his is a separate and independent basis for the Court to reconsider its prior ruling on this case." *Id.* (emphasis omitted).

In light of CCSF's repeated representations in this case that EMSA is a distinct entity over which it has no control, CCSF cannot complain on EMSA's behalf that EMSA did not have an opportunity to be heard. CCSF's argument also ignores the fact that EMSA *has* had an opportunity to be heard. As the court explained, "the fact that the San Francisco City Attorney's Office affirmatively reached out to Plaintiff [on October 14, 2025] to seek an extension and discuss the scope of production indicates that EMSA received notice of the subpoena." Dec. 9 Order at 4; *see*

Docket No. 184-2 at ECF p.3.  Upon receipt of the subpoena on October 3, 2025, EMSA could have served responses and objections to the subpoena, attempted to resolve any objections to the subpoena via the meet and confer process, and/or sought relief from the court.[5]  It took none of these steps.

### III. CONCLUSION

For the foregoing reasons, CCSF's request for reconsideration of the court's December 9 order is denied.[6]

**IT IS SO ORDERED.**

Dated: December 22, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

---

[5] As detailed in the December 9 order, Plaintiff repeatedly sought to confirm with the Deputy City Attorney and CDF Labor Law who represented EMSA with respect to Plaintiff's subpoena.  Dec. 9 Order at 1–4.  On October 14, 2025, a Deputy City Attorney emailed Plaintiff and identified herself as "an attorney with the San Francisco City Attorney's Office" who "represent[s] the San Francisco Emergency Medical Services Agency."  [Docket No. 184-2 at ECF p.3.]  The Deputy City Attorney later informed Plaintiff that EMSA was represented by CDF Labor Law, an assertion CDF repeatedly denied.  *Id.* at ECF pp.1, 5, 6.

[6] In light of this order, the letter filed today by Plaintiff in response to CCSF's request for reconsideration (Docket No. 211) will not be considered and is denied as moot.