UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL SHIN,<br><br>    Plaintiff,<br><br>    v.<br><br>JEANINE NICHOLSON, et al.,<br><br>    Defendants. | Case No. 23-cv-00456-VC   (DMR)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 224, 226 |

Plaintiff Gabriel Shin and Defendant City and County of San Francisco ("CCSF") filed unilateral discovery letters regarding non-party San Francisco Emergency Medical Services Agency's ("EMSA") document production made in response to Plaintiff's Rule 45 subpoena and the court's December 9 and 22, 2025 Orders. [Docket No. 224 (Pl. Ltr.); Docket No. 226 (CCSF Ltr.); Docket No. 200 (Dec. 9 Order); Docket No. 212 (Dec. 22 Order).] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for disposition without oral argument. For the reasons set forth below, CCSF's December 31, 2025 objections to the EMSA subpoena are stricken, and EMSA is ordered to produce all documents responsive to Plaintiff's subpoena **by January 15, 2026**.

I.   **BACKGROUND**

A detailed history of this dispute is set forth in the December 9 and 22 Orders. The court found that CCSF's private counsel, CDF Labor Law LLP ("CDF"), had expressly and repeatedly disclaimed representation of EMSA for purposes of responding to Plaintiff's subpoena, and that EMSA's failure to timely serve objections or otherwise respond to Plaintiff's subpoena amounted to a waiver of all objections. Dec. 9 Order at 2–4. The court also found that CCSF's October 17, 2025 objections were insufficient to deny Plaintiff's request for an order compelling EMSA to produce responsive documents. *Id.* at 4; *see* Docket No. 184-1 at ECF pp.8–15. In response to

CCSF's request for reconsideration (Docket No. 201), the court reaffirmed the findings in its December 22 Order.

The court ordered EMSA to produce all documents responsive to Plaintiff's subpoena by December 31, 2025. Dec. 9 Order at 5. On that date, EMSA produced approximately 144 pages of documents. [Docket No. 224-1 at ECF p.3; CCSF Ltr. at 1.] On the same date, CDF served a new set of objections in which, without explanation, CCSF's counsel abruptly changed course and purported to represent EMSA:

> Defendant City and County of San Francisco ("CCSF"), on behalf of its agency, Emergency Medical Services Agency ("EMSA"), which is not a separate legal entity, but is limited to producing these third-party documents subject to a subpoena, hereby continues its objection to the subpoena for records served by Plaintiff on EMSA, but produces documents pursuant to Judge Ryu's Order dated December 22, 2025, which states that CCSF's "relevance and privacy concerns are mitigated by the protective order." Accordingly, EMSA produces certain of these documents pursuant to the Protective Order dated October 17, 2024, designated as CONFIDENTIAL or as CONFIDENTIAL –ATTORNEYS' EYES ONLY, as specified by EMSA.

[Docket No. 224-1 at 1.][1]

Plaintiff contends that EMSA's document production is incomplete and contains improper redactions. Pl. Ltr. at 1.

## II. DISCUSSION

CDF's attempt to reverse course on its prior representations about CCSF's relationship with EMSA is outrageous and inexcusable. Until December 31, 2025, statements and conduct by CDF attorneys clearly communicated that CDF only represented CCSF and that it could not act on EMSA's behalf because EMSA is a separate entity. For example, CDF attorney Christopher Dawood repeatedly insisted that Plaintiff could not obtain EMSA records from CCSF and instead

---

[1] On October 17, 2025, CDF served objections to Plaintiff's subpoena solely on CCSF's behalf—not EMSA's. [Docket No. 184-1 at ECF p.9 ("Defendant City and County of San Francisco ('CCSF') hereby objects to the subpoena for records served by Plaintiff on San Francisco Employees' Retirement System [*sic*].").] The reference to the "San Francico Employees' Retirement System" appears to be in error. The document requests in CCSF's objections correspond with the requests in Plaintiff's subpoena to EMSA. [*Compare* Docket No. 184-1 at ECF p.7 *with id.* at ECF pp.10–12.]

had to subpoena EMSA, because such documents were not under CCSF's custody and control. [Docket No. 184-2 at ECF p.5 ("As we stated previously, we do not have access to EMSA records, which are confidential pursuant to Health and Safety Code section 1798.200(d) and not subject to public disclosure. Those records are maintained separately by the EMSA, and must be obtained via subpoena."); *id.* at ECF p.6 ("CCSF has produced all EMSA records related to Mr. Muhammad in its possession, custody or control. If Plaintiff seeks additional records from the EMSA, it must subpoena those records as they are not under CCSF's custody and control.").]

In case there was any doubt, Mr. Dawood explicitly disclaimed representing EMSA an email: "'[r]egarding EMSA, our firm does not represent EMSA, and I can't speak to EMSA's email. We represent CCSF'." [Docket No. 184 at 1.] According to Plaintiff, "Mr. Dawood confirmed the same over the phone when explaining that he could not meet and confer about the Subpoena for EMSA because it is a separate entity from CCSF." *Id.*

The record shows that Plaintiff repeatedly and diligently sought to clarify whether CDF represents EMSA. [Docket No. 184-2 at ECF p.2 (email to the Deputy City Attorney, stating that "[b]efore we engage on substance, given the fact that CCSF is a Defendant in this case, and you work for CCSF, we will need clarification on the nature of your representation of the San Francisco Emergency Medical Services Agency. Is the San Francisco Emergency Medical Services Agency an agency controlled by CCSF and/or a CCSF entity, and is that why your office is representing it? Please explain the nature of the relationship between CCSF and the San Francisco Emergency Medical Services Agency."); *id.* at ECF p.1 ("CDF specifically advised that Plaintiff had to issue a subpoena because they did not represent SFEMSA due to the fact that SFEMSA is not associated with CCSF."); Docket No. 224-4 at ECF p.2 (email from Plaintiff to CDF asking "Also, are you representing EMSA?").][2] The only answer Plaintiff received was an unqualified "no." [Docket

---

[2] In the same vein, when a Deputy San Francisco City Attorney directed Plaintiff's counsel to "[p]lease communicate with those [CDF] attorneys regarding your subpoena and anything else related to this matter" because "CCSF is represented by CDF Labor Law LLP in this matter[,]" Plaintiff responded it "is not possible [that CDF represents EMSA], as CDF specifically advised that Plaintiff had to issue a subpoena because they did not represent SFEMSA due to the fact that SFEMSA is not associated with CCSF." [Docket No. 184-2 at ECF p.1.] The record shows no response by CDF or CCSF.

No. 184 at 1 ("Thereafter, CDF Labor Law attorney Dawood disclaimed representation of EMSA: 'Regarding EMSA, our firm does not represent EMSA, and I can't speak to EMSA's email. We represent CCSF'.").]

After all of CDF's undisputed representations, and after two court orders that relied on those representations, CDF now flips its position without explanation and purports to be EMSA's counsel, at least with respect to Plaintiff's subpoena. On December 26, 2025, CDF requested on EMSA's behalf additional time for EMSA to produce responsive documents. CCSF Ltr. at 1 ("On December 26, 2025, when it became apparent to CCSF that despite making a good faith effort, EMSA would not be able to produce all of the documents pursuant to Judge Ryu's Order by December 31, 2025, CCSF's counsel [CDF] asked Plaintiff's counsel for a short extension of time on EMSA's behalf."). CDF insisted on meeting and conferring with Plaintiff about the subpoena, rather than have Plaintiff meet and confer directly with the San Francisco City Attorney's office:

> On January 2, 2026, CCSF informed CCSF's counsel that Plaintiff's counsel was reaching out directly to EMSA about the December 31 production of documents, demanding to meet and confer and demanding additional information not requested in the subpoena, while EMSA was preparing the completion of its document production. In response, CCSF's counsel asked to be copied on correspondence to EMSA, let Plaintiff's counsel know that EMSA would be producing additional documents later that day and asked they permit EMSA to have the time needed to do so, and requested to schedule any meet and confer on the next business day if it was still needed after EMSA's production.

*Id.* at 2; *see* Docket No. 224-1 at ECF p.2 (email from Plaintiff to the Deputy City Attorney requesting "availability for a live meet and confer to take place today"); Docket No. 224-3 at ECF p.3 (email from CDF to Plaintiff stating, "My understanding is that SF EMSA is working on producing additional documents today. After we (our firm and your firm) have had a chance to review the additional production, we can set up a call to meet and confer on Monday if you believe one is still needed."); *id.* at ECF p.2 (email from Plaintiff to CDF stating that, "Plaintiff must meet and confer with EMSA, as the order is regarding EMSA. You have provided no basis as to why we must meet and confer with CDF Labor Law, let alone wait until Monday to do so.").

Then, on December 31, 2025, CDF served objections to Plaintiff's subpoena from "Defendant City and County of San Francisco ('CCSF'), on behalf of its agency, Emergency

4

Medical Services Agency ('EMSA'), which is not a separate legal entity[.]" [Docket No. 224-2 at 1.] In a January 2, 2026 email, CDF attorney Leigh Ann White confirmed that CCSF served the objections on EMSA's behalf. [Docket No. 224-3 at ECF p.4 ("Our office represents CCSF, and SF EMSA is a Department of CCSF, so the objection was by CCSF on behalf of its Department to make clear that SF EMSA's production was pursuant to Judge Ryu's Order and the non-public documents being produced were produced pursuant to the Protective Order.").]

Neither CDF nor CCSF offers an explanation for this complete about-face or why two CDF attorneys gave Plaintiff two contradictory positions. They cannot have it both ways—CDF cannot clearly and repeatedly disclaim representation of EMSA and refuse to meet and confer on EMSA's behalf, and then two months and two court orders later, suddenly take the position that EMSA is a department of CCSF such that CDF is the proper EMSA representative with respect to Plaintiff's subpoena.

\* \* \*

The court's December 9 Order was clear: despite having received notice of it, "EMSA nevertheless failed to respond to the subpoena and has therefore waived any objection thereto." *Id.* at 4 (citing Fed. R. Civ. P. 45(d)(2)(B); *AEC Yield Cap., LLC v. Am. Home Energy, Inc.*, No. 24-MC-80225-PHK, 2025 WL 3085720, at \*4 (N.D. Cal. Nov. 5, 2025)). Had EMSA intended to object to the subpoena it could and should have done so on or before the requested response date of October 17, 2025 (Docket No. 184-1 at ECF p.1), or, if that deadline was not possible, met and conferred with Plaintiff regarding an extension. EMSA took none of these steps.[3] Inexplicably, EMSA instead waited more than two months after the October 17 deadline, and after the court had already found that any objections had been waived, to serve objections. Neither CCSF nor CDF has offered an explanation as to why EMSA was unable to serve its objections in a timely manner.

---

[3] On October 14 and 15, 2025, a Deputy City Attorney emailed Plaintiff to, among other things, "request a month-long extension to respond to the subpoena." [Docket No. 182-2 at ECF pp.2–3.] Thereafter, Plaintiff sought to clarify the nature of CCSF's and the City Attorney's relationship with EMSA. *Id.* at ECF pp.1–2. Because the Deputy City Attorney directed Plaintiff to discuss the subpoena with CDF (*id.* at ECF p.1), and CDF denied representing EMSA (*id.*; Docket No. 184 at 1), Plaintiff was unable to meet and confer with any EMSA counsel regarding a potential extension.

5

1    Under these circumstances, the court strikes the December 31, 2025 objections as untimely.
2    The court already found that EMSA waived its objections, including any assertion of privilege.
3    Dec. 9 Order at 4; Dec. 22 Order at 1, 6; *see Sacks Holdings, Inc. v. Vaidya*, No. 24-MC-80197-
4    PHK, 2024 WL 4730424, at *3 (N.D. Cal. Nov. 7, 2024) ("Failure to timely and properly object to
5    the subpoena generally constitutes a waiver of all grounds for objection, including privilege.")
6    (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992));
7    *Nahavandi v. Bd. of Trs. of California State Univ.*, No. CV 24-3791-RGK(EX), 2024 WL 5413235,
8    at *1 (C.D. Cal. Dec. 18, 2024) ("Plaintiff's failure timely to serve responses to the interrogatories
9    or to the requests for production waived all potential objections thereto."). Therefore, EMSA may
10   not withhold or redact any documents on attorney-client privilege or attorney work product grounds.

11   The court is unpersuaded by CCSF's argument that "CCSF, as the holder of that [attorney
12   client] privilege, objected to the production of any privileged information in its objections served
13   on October 17, 2025 and December 31, 2025, and has not waived the privileged nature of those
14   communications or consented to their disclosure." CCSF Ltr. at 2. First of all, in response to each
15   of Plaintiff's requests for production, CCSF asserted the following objection: "CCSF objects to this
16   request to the extent it seeks documents protected from discovery by the attorney-client privilege,
17   the attorney work product doctrine, or any other applicable privilege or protection." [Docket
18   No. 184-1 at ECF pp.10–12.] CCSF's boilerplate objection is insufficient to preserve the privilege.
19   As the Ninth Circuit has held, "Rule 26 clarifies that a proper assertion of privilege must be more
20   specific than a generalized, boilerplate objection," and that "boilerplate objections or blanket
21   refusals inserted into a response to a Rule 34 request for production of documents are insufficient
22   to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408
23   F.3d 1142, 1147, 1149 (9th Cir. 2005); *see Munguia-Brown v. Equity Residential*, 337 F.R.D. 509,
24   515 (N.D. Cal. 2021) ("[P]roviding particulars typically contained in a privilege log is
25   presumptively sufficient and boilerplate objections are presumptively insufficient[.]") (quoting
26   *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149); *Muhammad v. California*, No. CV 18-4017
27   JAK (SS), 2019 WL 6315536, at *10 (C.D. Cal. Sept. 19, 2019) ("[B]oilerplate assertions of any
28   type, including assertions of attorney-client privilege and the work product doctrine, are improper

1   in federal court.") (citing *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1147); *Chaudhry v. Angell*,
2   No. 16-CV-01243-SAB, 2020 WL 7182083, at *8 (E.D. Cal. Dec. 7, 2020) ("[I] is well established
3   that general boilerplate objections are not a proper method of asserting the privilege[.]") (citing
4   *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1148).

CCSF also fails to explain why or how CCSF can be the holder of the attorney-client privilege when its counsel repeatedly and expressly stated that EMSA is a separate entity over which CCSF has no control. [Docket No. 184-2 at ECF p.5 ("[W]e do not have access to EMSA records . . ."); *id.* at ECF p.6 ("If Plaintiff seeks additional records from the EMSA, it must subpoena those records as they are not under CCSF's custody and control.").] CCSF claimed for months that EMSA is not controlled by CCSF; having made that bed, CCSF now needs to lie in it. This is especially warranted because CCSF and its counsel have offered no explanation for the abrupt change in position.

Thus, EMSA shall produce <u>all</u> documents responsive to Plaintiff's subpoena no later than **January 15, 2026**. To the extent documents contain personally identifiable information ("PII") about nonparties, EMSA may redact such information consistent with Federal Rule of Civil Procedure 5.2. Last names of nonparties may also be redacted, without prejudice to Plaintiff seeking unredacted names upon a showing of good cause. Any such redaction must make it clear that it is for PII and not any other purpose.

### III. CONCLUSION

For the foregoing reasons, the court orders the following:

1. The December 31, 2025 objections are untimely and thus stricken.

2. EMSA shall produce all documents responsive to Plaintiff's subpoena no later than **January 15, 2026**. EMSA may not withhold or redact documents on grounds of attorney-client privilege or the work product doctrine. EMSA may redact PII of nonparties consistent with Federal Rule of Civil Procedure 5.2, as well as the last names of nonparties. The latter is without prejudice to Plaintiff seeking unredacted names upon a showing of good cause. Any such redaction must make it clear that it is for PII and not any other purpose.

//

1   **IT IS SO ORDERED.**

2   Dated: January 9, 2026

3   _____
        Donna M. Ryu
4       Chief Magistrate Judge