UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL SHIN,

            Plaintiff,

    v.

JEANINE NICHOLSON, et al.,

            Defendants.

Case No.  23-cv-00456-VC   (TSH)

**ORDER SCHEDULING FURTHER SETTLEMENT CONFERENCE; ORDER TO SHOW CAUSE**

The Court held a settlement conference in this case on January 14, 2026.  All of the parties were required to attend.  The Court's order stated: "Counsel and Parties must attend the settlement conference.  Any request to excuse the attendance of a party or party representative must be filed no later than December 10, 2025, and any response to such a request must be filed no later than December 16, 2025."  ECF No. 198.  No one filed any request to be excused.  Nonetheless, five of the Defendants did not attend the settlement conference:  Jeanine Nicholson, Robert Postel, Tom O'Connor, David Brown and Patricia Lee (together, the "Individual Defendants").

The reader may recall that Judge Chhabria's tentative ruling said:  "For any individual defendants who remain in the case after the summary judgment ruling, Shin can seek punitive damages against them.  The Court does not need argument on this issue."  ECF No. 229.  That was a tentative ruling, not a final ruling, and as of this writing we don't know which individual defendants will remain in the case after the summary judgment ruling.  Still, the tentative ruling suggests that punitive damages should at least be a concern for the Individual Defendants.  However, because they did not show up to the settlement conference, it was not possible to talk with them about anything at all, including their potential exposure to punitive damages.  One of

the basic purposes of a settlement conference is to have a conversation with a judge about what may happen at trial, rather than just sleepwalking into a jury verdict. But that conversation can't happen if you violate a court order and don't attend your own settlement conference.

So we're going to do this again. The Court schedules a further settlement conference for February 3, 2026 at 2:00 p.m. in person in Courtroom E on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA.[1] The Court orders all parties and their counsel to attend. The other requirements set forth in ECF No. 198 apply as well, except that additional settlement conference statements are not required.

It seems to the Court that the Individual Defendants should bear all the expenses associated with the second settlement conference, since their violation of the Court's order by failing to attend the first one is why we're doing this. Accordingly, the Court orders the Individual Defendants to show cause why they should not be required pay all of the expenses incurred by all of the other parties in connection with attending the second settlement conferenced. The Individual Defendants' response to this OSC shall be filed no later than January 23, 2026. Any other party may file a response to that response no later than January 28, 2026.

**IT IS SO ORDERED.**

Dated: January 20, 2026

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] Plaintiff and his counsel should buzz chambers to be let in.

2